AO 106 (Rev. 06/09)   Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

Northern District of Oklahoma

FILED

DEC 0 3 2019

Mark C. McCartt, Clerk
U.S. DISTRICT COURT

| In the Matter of the Search of | ) | |
| 1912 S. 141ST E Ave. | ) | Case No. 19-mj-263-PJC |
| Tulsa, OK 74108 | ) | |
| | ) | |
| | ) | |
| | ) | |

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property, 1912 S. 141st E Ave., Tulsa, OK 74108:

See Attachment "A"

located in the  Northern  District of  Oklahoma , there is now concealed the following items:

See Attachment "B" and Attachment "C"

The basis for the search under Fed. R. Crim. P. 41(c) is:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C § 922(o)(1) | Illegal Possession of a Machine Gun |
| 18 U.S.C. § 922(g)(1) | Felon in Possession of Firearms |
| 18 U.S.C. § 922(g)(3) | Drug User in Possession of Firearms |
| 21 U.S.C. § 856(a)(1) | Maintaining a Drug Premises |
| 21 U.S.C. § 844 | Possession of Controlled Drug |
| 26 U.S.C. § 5845(a)(7); | Possession of Unregistered Silencer |
| 26 U.S.C. § 5861(d) | |

The application is based on these facts:

See Affidavit of ATF Senior Special Agent Holley J. Edwards, attached hereto.

☑ Continued on the attached sheet.

☐ Delayed notice of ____ days (give exact ending date if more than 30 _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_Applicant's signature_

Senior Special Agent Holley J. Edwards, ATF

_Printed name and title_

Sworn to before me and signed in my presence.

Date: 12/3/2019

_Judge's signature_

City and state:  Tulsa, OK        Tulsa, Oklahoma

U.S. Magistrate
Paul J. Cleary

# AFFIDAVIT

1. I, Holley J. Edwards, Special Agent, Bureau of Alcohol, Tobacco, Firearms, & Explosives, being duly sworn, deposes and states, I am a Special Agent with the U.S. Department of Justice, Bureau of Alcohol, Tobacco, Firearms, and Explosives currently assigned to the Tulsa Field Office. I have been so employed since September 18, 2005.

2. As a result of my training and experience as a Special Agent, I am familiar with the Federal Firearms Laws and know that it is unlawful for a person who has previously been convicted of a felony offense to possess a firearm or ammunition which has been shipped or transported in interstate or foreign commerce, as defined in Title 18 U.S.C. Section 922(g). I also know that it is unlawful for a person who is a user of or addicted to any controlled substance to possess a firearm or ammunition which has been shipped or transported in interstate or foreign commerce as defined in Title 18 U.S.C. Section 922(g). It is also unlawful for a person to possess or transfer a machine gun as provided in Title 18 U.S.C. Section 922(o). It is also unlawful for a person to receive or possess a silencer which is not registered to him in the National Firearms Registration and Transfer Record under Title 26 Sections 5845(a)(7) and 5861.

3. During my tenure as a Special Agent, I have participated in numerous investigations regarding narcotics trafficking, money laundering, violent crimes, firearms trafficking, convicted felons in possession of firearms, and the illegal use of firearms as it pertains to those prohibited from possessing firearms. As such, I have conducted physical surveillance operations, participated and been the Affiant on several search warrants, and participated in debriefings of confidential informants/sources. I have investigated violations of Federal Firearms and Narcotics Laws as they relate to the illegal use of firearms and narcotics in the commission of crimes. Additionally, I have received training and conducted investigations involving organized criminal gangs and drug trafficking organizations. I have participated in physical surveillance, surveillance of undercover transactions, the execution of search warrants, examination of cellular phones, debriefings of informants, conducted interviews of individuals involved in drug trafficking, viewed short message service (SMS) text messages involving the sale of firearms and drugs, and participated in undercover hand to hand buys both as a member of a surveillance team and as an undercover agent. I have spoken with other law enforcement officers and agents about the trafficking and sale of firearms and drugs. Affiant also has training and experience in serving high risk warrants where subjects have threatened to harm, injure, or kill law enforcement. It is safer to execute those warrants outside of the hours of 6:00 a.m. through 10:00 p.m. without knocking and announcing. Such warrants require reasonable force to protect

officers, citizens, and neighbors from being put at risk of a potential for shots being fired by those on premises for which the warrant is being served. It is standard operating procedure to use reasonable force to prevent violent resistance to the execution of the search warrant by the subject and others on the premises.

4. When investigating the possession of firearms by prohibited persons, I know through my training and experience that it is common for those individuals to take photographs of their firearms with cameras and cellular phone cameras. It is common for these individuals to share these photos with others through text message or on social media apps located on their cellular telephone. I also know through my training and experience that individuals who illegally possess controlled substances commonly communicate with others about their drug use and about the buying and selling of those substances.

5. Affiant also knows from her training and experience that prohibited persons often utilize counter-surveillance equipment, such as surveillance cameras, to warn them of possible intruders, as well as law enforcement officers, who may be approaching the residence to investigate possible illegal activities.

6. On November 4, 2019, Affiant spoke with a Reliable Confidential Informant (RCI) regarding an individual that is involved in the illegal possession of firearms within his residence. The RCI has been working for over five years with state and federal agencies. RCI has recently successfully assisted the DEA in Tulsa. RCI has previously provided information and conducted controlled buys for state and federal law enforcement agencies of controlled substances which have led to at least ten arrests and convictions in drug cases. RCI is not under indictment and does not have any pending charges. Affiant is not aware of any instance in which RCI has provided false information while acting as a CI. To the best of Affiant's information, RCI has no felony convictions, but has multiple arrests. According to RCI, the individual lives at 1912 S. 141st E. Ave., Tulsa, Tulsa County, Oklahoma, which is within the Northern District of Oklahoma.

7. The RCI stated that the individual is a white male named Christopher KISS, and that KISS is a convicted felon. The RCI had seen the firearms described and photographed in Attachment C in the residence within the week previous to speaking with Affiant 11/4/2019. RCI took all photographs in Attachment C with RCI's cell phone camera when RCI was in KISS' residence within the week prior to 11/4/2019. RCI stated that KISS has several firearms within his residence, and there are rifles that have silencers affixed to the barrels (Attachment C). KISS showed the RCI that the silencers functioned by firing the silenced rifle inside his residence. Specifically, RCI stated KISS discharged the rifle into the fireplace at a target that had sand bags as a backdrop (Attachment C). The RCI stated that KISS mentioned some of the firearms were capable of firing fully-automatic.

2

KISS has several surveillance cameras placed on the outside of the residence. RCI told Affiant that KISS monitors the outside surveillance cameras from a monitor inside of the same room where firearms are kept inside of the home. RCI also stated that KISS is paranoid and believes that undercover officers are watching him. KISS also stated to the RCI that "he is ready for war" should law enforcement come to his house. The RCI also stated that KISS is a user of methamphetamine, and saw methamphetamine at KISS' residence during RCI's visit where RCI saw the firearms and photographed them (Attachment C).

8. A check of various databases was conducted and revealed that Christopher Joseph KISS, W/M, DOB: 3/27/1990, resides at 1912 S. 141st E. Ave., Tulsa, Tulsa County, Oklahoma. KISS has a felony conviction for Possession of a Firearm While Under Supervision, in the District Court in and for Tulsa County, Oklahoma Case Number CF-2018-2553, sentenced 12/3/2018. On November 26, 2019 Affiant received copies of Christopher KISS' conviction from the District Court in and For Tulsa County, Oklahoma, Case Number CF-2018-2553, confirming the December 3, 2018 felony conviction of Christopher KISS for Possession of a Firearm While Under Supervision. KISS has previously pled guilty to Felony Eluding a Police Officer and received a deferred sentence in CF-2016-1611. Affiant has reviewed a police report regarding KISS' arrest that led to his deferred sentence in CF-2016-1611. According to that report, KISS was driving a motorcycle without a license when an Oklahoma State Trooper approached from behind KISS' motorcycle with his lights and sirens on as the trooper was responding to an injury accident. The report continues that once KISS observed the trooper, he looked back and accelerated to speeds of over 100 miles per hour before hitting a parked car. KISS was previously charged in 2013 in Geary County, Kansas with criminal use of weapons and assault in 2013-CR-000463 to which he received a diversion agreement. The last docket entry in 2013-CR-000463 shows a motion to revoke diversion. KISS has an outstanding warrant in 2013-CR-463, which is non-extraditable.

9. On November 14, 2019, the RCI was shown a photograph of KISS. The RCI identified the photograph of KISS as the person that the RCI knows to reside at 1912 S. 141st E. Ave., Tulsa, Oklahoma.

10. On November 14, 2019, Affiant observed three vehicles in the driveway, a red Mazda, bearing Oklahoma license plate INH978, a black Chevy pickup, bearing Oklahoma license plate GYH359, and another vehicle under a car cover. The two visible vehicles are registered to Christopher KISS.

11. Surveillance of KISS' residence has been conducted on numerous occasions by Affiant and other law enforcement officers. Since November 14, 2019, law enforcement has been conducting frequent and regular surveillance. During

surveillance, KISS' vehicles have either been in the driveway, the garage, or parked on the street near the residence at all times. Law enforcement has conducted surveillance at different times during the day and night. During all times surveillance was conducted, KISS' cars have always been in the driveway except from late-morning to evening on December 2, 2019, when law enforcement noticed the Mazda gone and the Chevy pickup gone. Early morning surveillance on December 3, 2019 showed the Chevy pickup back at KISS' residence. While surveilling the property, law enforcement has never seen KISS leave the property. On only two occasions has law enforcement seen anyone else go to and from the residence. On those occasions, officers noticed a female come to the residence and leave. Affiant does not believe any children live in the residence. Officers have also noted that there were no lights on in the house prior to 4:45 am, however, at 6:00 am there were lights on inside the residence. Also during surveillance, law enforcement officers have seen about five to six security cameras on KISS' residence at 1912 S. 141st E. Ave. On the arrest and booking sheet for KISS' May 18, 2018 arrest, which later led to a felony conviction in CF-2018-2553, KISS' listed address is 1912 S. 141st E. Ave. According to a records check of the Tulsa Police database, KISS was listed as a victim in August 2019 at the address of 1912 S. 141st E. Ave.

12. Affiant knows as a result of her training and experience that firearms are tangible objects of habitual retention, meaning that once persons acquire a firearm, they usually keep said weapons for long periods of time often at their residences.

13. Affiant is aware that owners of firearms are also likely to be in possession of ammunition. Affiant is also aware that owners of firearms tend to maintain at their residences documents reflecting their acquisition and ownership, receipts, bills of sale, and insurance documents. As a result, Affiant believes there is probable cause to believe that evidence tending to prove KISS's ownership of the above-described firearms are located at 1912 S. 141st E. Ave., Tulsa, Oklahoma, Northern District of Oklahoma, as further described in Attachment A.

14. Affiant further knows from her training and experience that occupants of residences tend to keep and maintain various records and documents, including, for example, receipts, banking records, bills, statements, telephone records, and other similar indicia of ownership indicating occupation, possession, or control over the residence. Affiant seeks authorization to search for such indicia of ownership, which would tend to provide proof of control over other items of evidentiary value found in the search. Affiant also knows that individuals who possess firearms use vehicles to transport them to and from different locations and also commonly transport ammunition in their vehicles as well. Affiant has reviewed the June 18, 2018 arrest and booking sheet associated with KISS' felony conviction in CF-2018-2553. According to the officer's probable cause statement on that sheet and the

4

demographic information on the front of the arrest and booking sheet, KISS was pulled over for a traffic violation driving a black 2007 Chevrolet Silverado pickup truck bearing Oklahoma license plate number GYH359. The arrest and booking sheet continues that during that traffic stop, officers located a 9mm pistol in the vehicle. The arrest and book sheet further provides that post-*Miranda*, KISS stated he was under the district attorney's supervision for a felony case, and that he had removed the magazine from the 9mm pistol after the officer initiated his emergency lights. KISS further told the officer, according to the arrest and booking sheet, that he owned the vehicle and the firearm located in the vehicle. Additionally, on the probable cause affidavit, officers noted that they located the loaded 9mm magazine associated with the 9mm pistol on the floorboard of the vehicle just beneath where the pistol was located and also found additional ammunition and magazines in the back seat.

15. Affiant believes there is probable cause for the issuance of a search warrant of the described premises and any other structures that may be located on the acreage of the residence including vehicles located on the acreage.

16. Affiant requests authorization to enter the suspected premises anytime, day or night, without first knocking and announcing the presence and purpose of officers executing the warrant sought herein. Affiant has reasonable suspicion to believe that such knocking and announcing would be very dangerous, futile, and pose a serious danger to officer safety. Due to a severe risk to officer safety, potential evidence destruction, and/or the potential to inhibit an effective investigation into the described offenses, Affiant believes reasonable cause has been shown that the warrant may be executed any time, day or night, and that, given the high-risk nature of the proposed search, officers may execute the warrant in a precautionary manner without announcing, to include the use of reasonable force during the execution of the warrant in a manner to ensure the safety of officers and the public.

Further Affiant sayeth not.

HOLLEY J. EDWARDS, Special Agent
Bureau of Alcohol, Tobacco, Firearms, & Explosives

SWORN to before me and subscribed in my presence at Tulsa, Oklahoma, on this the 3d day of December, 2019.

United States Magistrate Judge

5

## ATTACHMENT A
1912 S. 141st E. Ave.
Tulsa, Oklahoma 74108

Description:  Single family dwelling, rock and beige exterior, beige garage, garage facing east, mailbox in front of house with "1912" on North facing side.



Photograph by Special Agent Holley Edwards
Bureau of Alcohol, Tobacco, Firearms, and Explosives

Including any and all outbuildings.

Vehicles:

Any vehicles under the dominion and control of Christopher KISS which are located on the premises at the time this search warrant is executed on the premises.

# ATTACHMENT B

## DESCRIPTION OF EVIDENCE TO BE SEARCHED FOR AND SEIZED:

1. Firearms:

   Handguns
   Rifles
   Shotguns
   Machine guns
   Silencers
   Firearm Mufflers

2. Ammunition

3. Other items, records, or documents pertaining to the possession of contraband firearms, silencers, ammunition, ammunition magazines, holsters, spare parts for firearms, photographs of firearms or silencers or of persons in possession of firearms, and receipts for the purchase and/or repair of all these items.

4. Indicia of Control of the Premises:

   Records or documents that establish the persons who have control, possession, custody or dominion over the property and vehicles searched and from which evidence is seized, such as:  personal mail, checkbooks, personal identification, notes, other correspondence, utility bills, rent receipts, payment receipts, financial documents, keys, photographs (developed or undeveloped), leases, mortgage bills, and vehicle registration information or ownership warranties, receipts for vehicle parts and repairs and telephone answering machine introductions and fingerprints.

5. Cameras and Cellular Telephones

6. Surveillance cameras, televisions, scanners, police radios, video, any other equipment used for the detection of police presence, recording devices or equipment used to record the possession of firearms or ammunition.

7. Smoking devices, scales, baggies, and syringes and/or needles used to ingest controlled substances.

7

ATTACHMENT C



**Firearms on table inside KISS' residence**



**Target inside KISS' fireplace**

ATTACHMENT C-Continued



**Rifle with Silencer and Bi-pod in KISS' Residence**



**Additional Photo of Rifle with Silencer in KISS's Residence**